**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000674
29-JUN-2022
07:52 AM
Dkt. 52 SO**

NO. CAAP-19-0000674

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


WELLS FARGO BANK, N.A., A NATIONAL BANKING ASSOCIATION,
as Trustee for Option One Mortgage Loan Trust 2007-3
Asset-Backed Certificates, Series 2007-3,
Plaintiff-Appellee,
v.
STUART KUNIO SAITO; RAYNETTE KUILANI SAITO,
Defendants-Appellants,
and
JOHN and MARY DOES 1-10,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 10-1-0978-05)


SUMMARY DISPOSITION ORDER
(By: Ginoza, C.J., and Wadsworth and Nakasone, JJ.)

Defendants-Appellants Stuart Kunio Saito and Raynette Kuilani Saito (**the Saitos**) appeal from the September 3, 2019 "Judgment on *Findings of Fact, Conclusions of Law, and Order Granting Plaintiff's Motion for Summary Judgment on Second Amended Complaint Filed July 12, 2018*" (**Judgment**), entered in favor of Plaintiff-Appellee Wells Fargo Bank, N.A., as Trustee for Option One Mortgage Loan Trust 2007-3 Asset-Backed Certificates, Series 2007-3 (**Bank**), by the Circuit Court of the First Circuit (**Circuit Court**).[1]  The Saitos also challenge the September 3, 2019 "Findings of Fact, Conclusions of Law, and Order Granting *Plaintiff's Motion for Summary Judgment on Second*

---

[1]    The Honorable James S. Kawashima presided.

*Amended Complaint Filed July 12, 2018*" (**FOFs/COLs/Order**), entered by the Circuit Court.  For the reasons explained below, we affirm the Judgment.

Bank filed a Second Amended Complaint against the Saitos on July 12, 2018.  Bank alleged, among other things, that: (1) on or about December 19, 2006, the Saitos executed an adjustable rate note (**Note**), which was eventually endorsed to Bank; (2) the Note was secured by a Mortgage dated December 19, 2006 (**Mortgage**), executed by the Saitos as mortgagors and recorded in the Bureau of Conveyances of the State of Hawaiʻi (**Bureau**) on January 11, 2007, with respect to certain real property in Kāneʻohe, Hawaiʻi (**Property**); (3) the Mortgage was eventually assigned to Bank via a June 10, 2008 assignment, which was recorded in the Bureau on June 24, 2008; (4) the loan went into default and the Saitos entered into a loan modification agreement with the servicer of the loan; (5) Bank completed a nonjudicial foreclosure on the Property, as set forth in a January 27, 2010 Mortgagee's Affidavit of Foreclosure Sale Under Power of Sale (**Affidavit of Sale**); (6) the Property was sold to Bank or its nominee, which was the high bidder at the foreclosure auction; and (7) Bank recorded the Affidavit of Sale and the Mortgagee's Quitclaim Deed (**Quitclaim Deed**) transferring title to the Property to Bank.  The Second Amended Complaint sought declaratory relief to set aside the nonjudicial foreclosure – specifically, a declaration that, among other things, "[t]he non-judicial public auction held on January 19, 2010, be set aside;" "[t]he Affidavit of Sale is rescinded and null and void;" "[t]he Quitclaim Deed is rescinded;" and "[t]he Mortgage, as modified, is reinstated as a valid and effective lien[.]"

The Saitos answered the Second Amended Complaint and asserted numerous affirmative defenses, including "the doctrine of wrongful foreclosure[,] as the alleged non-judicial foreclosure was lacking in mandatory material contractual and statutory conditions precedent . . . ."[2/]  The Saitos did not assert a counterclaim against Bank.

---

[2/]     The Saitos had made similar allegations prior to the filing of the Second Amended Complaint.

2

On March 28, 2019, Bank filed a motion for summary judgment on the Second Amended Complaint.  The Saitos' opposition was filed on May 6, 2019.  The Saitos' sole argument was that "[Bank] has not . . . met its prima facie burden of demonstrating that it was the holder of th[e] [N]ote and [M]ortgage at the time the original complaint was filed herein, as necessary to establish its standing to sue."  In support of this argument, the Saitos relied on <u>Bank of America, N.A. v. Reyes-Toledo</u>, 139 Hawaiʻi 361, 390 P.3d 1248 (2017).  In its reply memorandum, Bank argued that unlike the foreclosing mortgagee in <u>Reyes-Toledo</u>, Bank "does **not** seek to enforce the Note and Mortgage."  Rather, Bank "simply seeks to rescind the non-judicial foreclosure sale."

Bank's motion was heard on June 26, 2019.  During the hearing, Bank's counsel stated that he had the original Note with him, but reiterated:

> [W]e're just trying to set aside the nonjudicial foreclosure that happened and put the parties back into the position that they were prior to the nonjudicial.
>
> And, . . . if at some point . . . my client does decide that the loan is in default and that it wants to seek redress, at that point[,] it would, you know, file the appropriate pleadings to indicate that it is better to enforce the note.  But, you know, that's not something we're trying to do at this point.

Following arguments, the Circuit Court indicated its intent to grant Bank's summary judgment motion.

On September 3, 2019, the Circuit Court entered the FOFs/COLs/Order granting Bank's motion for summary judgment. The Circuit Court concluded, among other things, that "[t]he standards set forth in . . . <u>Reyes-Toledo</u> . . . apply to noteholders' entitlements to enforce notes, but are otherwise inapposite absent foreclosure in the instant action . . . ."  The Circuit Court granted the following declaratory relief:

> a.    The non-judicial foreclosure sale of the Property held on January 19, 2010 is set aside;
>
> b.    That certain . . . *Affidavit of . . . Sale* recorded in the Bureau . . . on January 27, 2010 as Document No. 2010-012015 is rescinded;
>
> c.    That certain . . . *Quitclaim Deed & Conveyance Tax Certificate* recorded in the Bureau on February 5, 2010 as Document No. 2010-017093 is cancelled; and

3

> d.      That certain *Mortgage* recorded in the Bureau on January 11, 2007 as Document No. 2007-005528 is reinstated with its original recording date.

Also, on September 3, 2019, the Circuit Court entered the Judgment in favor of Bank.  This appeal followed.

The Saitos' sole contention on appeal is that "[t]he Circuit Court committed reversible error in granting summary judgment, because [Bank] failed to meet its prima facie burden of establishing its standing through admissible evidence."  The Saitos again cite Reyes-Toledo for the proposition that a plaintiff seeking summary judgment in a foreclosure action has the burden to establish standing to enforce the promissory note at the time the complaint was filed.

We recently addressed a similar argument in U.S. Bank, Nat'l Ass'n, as Trustee for Mastr Asset Backed Securities Trust, 2006-FRE2 v. Omizo, No. CAAP-19-0000524, 2021 WL 5504993 (Haw. App. Nov. 24, 2021) (SDO), and concluded the argument lacked merit.  Id. at *2.  There, as here, the claim at issue did not seek foreclosure, but instead sought declaratory relief to unwind a nonjudicial foreclosure.  Id.  There, as here, the Circuit Court granted declaratory relief, not a decree of foreclosure.  Id.  As we stated in Omizo, a party has standing to seek declaratory relief:

> (1) where antagonistic claims exist between the parties (a) that indicate imminent and inevitable litigation, or (b) where the party seeking declaratory relief has a concrete interest in a legal relation, status, right, or privilege that is challenged or denied by the other party, who has or asserts a concrete interest in the same legal relation, status, right, or privilege; and (2) a declaratory judgment will serve to terminate the uncertainty or controversy giving rise to the proceeding.

Id. (quoting Tax Found. of Hawaiʻi v. State, 144 Hawaiʻi 175, 202, 439 P.3d 127, 154 (2019)).

As in Omizo, the record here reflects that Bank had standing to request declaratory relief against the Saitos regarding the legal consequences of Bank's nonjudicial foreclosure.  The Saitos do not challenge the entry of summary judgment on any other ground.  Accordingly, the Circuit Court did not err in granting summary judgment in favor of Bank.

For these reasons, the September 3, 2019 "Judgment on *Findings of Fact, Conclusions of Law, and Order Granting Plaintiff's Motion for Summary Judgment on Second Amended Complaint Filed July 12, 2018*," entered by the Circuit Court of the First Circuit, is affirmed.

DATED: Honolulu, Hawaiʻi, June 29, 2022.


On the briefs:

Gary Victor Dubin and
Frederick J. Arensmeyer
for Defendants-Appellants.

Steven T. Iwamura,
Steven K. Idemoto, and
Mary Martin
(Clay Chapman Iwamura Pulice
& Nervell)
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge